IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 1 6 2006
CHRIS R. JOHNSON, CLERK
BY _____ DEPUTY CLERK

| | |
|---|---|
| LAVADA LEWIS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF PEARLIE MAE EASTER MARSHALL, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF PEARLIE MAE EASTER MARSHALL § § § § § § § § § § PLAINTIFF, § § § VS. § § § UNION PACIFIC RAILROAD § COMPANY, JAMES GORDON, § PERCY BEVERLY, JR., § JAMES JOHNSON, AND § JAMES BROWN, JR. § § DEFENDANTS. | CAUSE NO.: 06-4092 |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants file this notice of removal under 28 U.S.C. § 1446(a).

#### A.  Introduction

Plaintiff is Lavada Lewis, Individually and as Special Administratrix of the Estate of Pearlie Mae Easter Marshall, Deceased, and on behalf of the Wrongful Death Beneficiaries of Pearlie Mae Easter Marshall.  Defendants are Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr.

1. On August 31, 2006, the complaint in this cause of action was filed in the

Circuit Court of Miller County, Arkansas, in Cause No. CV-2006-359. All pleadings, process, orders, and other filings in the state court are attached to this notice as required by 28 U.S.C. § 1446(b).

2. Defendants were served with this suit on September 29, 2006. Defendants file this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

### B. Basis for Removal

4. Plaintiff's lawsuit arises out of a train derailment, which occurred in Texarkana, Arkansas, on October 15, 2005. Removal to this Court is proper because Plaintiff's claims are preempted by the Federal Railroad Safety Act (FRSA) and the Federal Railroad Administration (FRA) regulations. These federal regulations consist of, among other things, specific safety regulations and standardized interpretations of those regulations. 28 U.S.C. § 1441; 28 U.S.C. § 1331; 49 U.S.C. § 20106; 49 C.F.R. §§ 212.203, 213.233, 213.237.

5. To assure that railway safety is "nationally uniform to the extent practicable," Congress wrote into the FRSA an explicit preemption clause permitting the state to regulate railroad safety only "until the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Secuirty (with respect to railroad security matters), prescribes a regulation or issues an order covering the subject matter of the state regulation." 49 U.S.C. § 20106.[1]  Once the FRA issues a regulation

---

[1] Section 20106 contains a "savings clause" which is to be narrowly construed.   See *Easterwood v. CSX Transp., Inc.*, 933 F.2d 1548, 1533, n. 3 (11th Cir. 1991), *aff'd*, 507 U.S. 658 (1993); *Cox v. Norfolk & Western Ry. Co.*, 998 F.Supp. 679, 687 (S.D. W. Va. 1998). Section 20106 allows states to adopt or continue in force state laws related to railroad safety when the law (1) is necessary to eliminate or reduce an essentially local safety hazard; (2) is not incompatible with a law of the United States government; and (3) does not unreasonably burden interstate commerce. An essentially local safety hazard has been defined as

**DEFENDANTS' NOTICE OF REMOVAL**                                                                                                  **Page 2 of 7**

that covers a railroad safety matter, state regulation in the covered area, either by statute or by jury award, is preempted. *Easterwood v. CSX*, 507 U.S. at 663.

6.  The rail safety legislation precludes local and state interference in favor of federal government oversight. *See Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 261 n.2 (8th Cir. 1996). It matters not that the federal regulation was promulgated pursuant to the FRSA or some other federal statute dealing with rail safety issues. Any such federal regulation will have preemptive effect over state laws covering the same subject matter. For example, "The FRSA's preemption clause 'appl[ies] to the HMTA as it relates to the transportation of hazardous materials by rail.'" *Mayor & City Council of Baltimore, et al. v. CSX Transp., Inc.*, 404 F. Supp. 2d 869, 876 (D. Md. 2005) (quoting, *CSX Transp., Inc. v. Public Utilities Com'n of Ohio*, 901 F.2d 497, 501 (6th Cir. 1990), *cert. denied*, 498 U.S. 1066 (1991) and citing, *CSX Transp. v. Williams*, 406 F.3d 667, 671 n.6 (D.C. Cir. 2005))("FRSA preemption can apply even though [the regulation] was expressly promulgated pursuant to the HMTA, 49 U.S.C. § 5101, et seq."). The HMTA, as applied to transportation by rail, provides a uniform, comprehensive, and exclusive regulatory scheme with respect to the handling, storage and transportation of hazardous materials. *See* 49 U.S.C. § 5101, et seq.

7.  The Eighth Circuit Court of Appeals recently addressed the preemption issue as it relates to removing a cause of action to federal court. In *Lundeen v. Canadian Pacific Ry. Co.*, 447 F.3d 606 (8th Cir. 2006), plaintiffs originally filed their cause of action in Minnesota state court suing for personal injuries and property damages allegedly suffered as a result of a freight train derailment. The railroad removed to the

---

one, which is not capable of being adequately encompassed within uniform national standards, and is not applicable here.

United States District Court of Minnesota based on federal question jurisdiction. Plaintiffs amended their complaint to eliminate the federal question. The federal district court declined to exercise its discretionary jurisdiction over what it construed to be remaining state law claims and remanded the case to state court. The railroad appealed, challenging the order allowing plaintiffs to amend their complaint and to remand as improper forum shopping. The Eighth Circuit Court of Appeals held that regardless of the merits of the forum shopping argument, plaintiffs' amended complaint continued to assert, among other things, that the railroad negligently inspected its tracks, and, thus, plaintiff's negligence claim was preempted by the FRA's regulations. As such, the federal district court had jurisdiction over plaintiffs' cause of action.

8. The same or similar situation is present in the pending litigation. Here, Plaintiff alleges causes of action for negligence, res ipsa loquitur, trespass, and wrongful death. Specifically, Plaintiff claims Defendants breached their duty of care when two Union Pacific trains collided on Union Pacific railroad tracks causing tanker railcars carrying highly flammable material to leak into a nearby community. Plaintiff contends Defendants' negligent conduct resulted in property loss and death. The FRSA and HMTA speak directly to the matters alleged in Plaintiff's complaint. Defendants' duties, as they relate both to the operation of trains in general, as well as, the railroad's handling of hazardous material, have been exhaustively defined by the regulations promulgated pursuant to these acts. Based on the foregoing, Plaintiff's claims are preempted by various federal laws, and therefore, this Court has jurisdiction to preside over the pending litigation.

9. Moreover, venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where this action has been pending is located in this district.

10. Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where this cause of action has been pending.

### C. Jury Demand

11. Plaintiff requested a jury trial in the state court action.

### D. Conclusion

For the foregoing reasons, Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr. respectfully ask this Court to remove the above-entitled action to the United States District Court for the Western District of Arkansas.

Respectfully submitted,

George L. McWilliams
Arkansas Bar No. 68078
Sean F. Rommel
Arkansas Bar No. 94158
Leisa B. Pearlman
Arkansas Bar No. 92070
Jack T. Patterson II
Arkansas Bar No. 95012
**PATTON, ROBERTS,**
**McWILLIAMS & CAPSHAW, L.L.P.**
2900 St. Michael Drive, Suite 400
Post Office Box 6128
Texarkana, Texas 75505-6128
Telephone: (903) 334-7000
Facsimile: (903) 334-7007

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel by certified U.S. mail, return receipt requested, on October 16, 2006:

Vicki Gilliam
Kevin J. White
The Cochran Firm Jackson
188 East Capitol Street
One Jackson Place, Suite 777
Jackson, MS 39201
Phone: (601) 812-1001
Fax:     (601) 812-1025

_____
Sean F. Rommel