IN THE CIRCUIT COURT OF MILLER COUNTY ARKANSAS

LAVADA LEWIS, INDIVIDUALLY
AND AS SPECIAL ADMINISTRATRIX OF THE
ESTATE OF PEARLIE MAE EASTER MARSHALL,
DECEASED, AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES OF
PEARLIE MAE EASTER MARSHALL             **PLAINTIFF**

VS.                                     CASE NO. CV-2006-359-3

UNION PACIFIC RAILROAD
COMPANY, JAMES GORDON,
PERCY BEVERLY, JR., JAMES JOHNSON,
AND JAMES BROWN, JR.                    **DEFENDANT**

## COMPLAINT

## JURY TRIAL REQUESTED

COMES NOW, Lavada Lewis, Individually and as Special Administratrix of the Estate of Pearlie Mae Easter Marshall, and on behalf of each and all of the wrongful death beneficiaries of Pearlie Mae Easter Marshall, by and through the undersigned counsel and files this her Complaint, a wrongful death action brought pursuant to Arkansas law, against Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr., and would show and allege unto this Court the following, to wit:

## PARTIES

1. Plaintiff Lavada Lewis, Individually and as Special Administratrix of the Estate of Pearlie Mae Easter Marshall, and on behalf of the wrongful death beneficiaries of Pearlie Mae Easter Marshall, was appointed by the Circuit Court of Miller County, Arkansas, Probate Division, in Cause No. PR-2005-221-2; is an adult resident citizen

1

of Texarkana, Miller County, Arkansas and is the daughter and administratrix of the Estate of Pearlie Mae Easter Marshall, Deceased; and,

2. That Defendant Union Pacific Railroad Company is a foreign corporation and is a domestically registered business entity registered to conduct business in the State of Arkansas and may be served with process, under the Arkansas Rules of Civil Procedure, through its registered agent for service of process, William H. Sutton, 400 W. Capitol Avenue, Suite 2000, Little Rock, Arkansas 72201; and,

3. That Defendant James Gordon is an adult resident citizen of the state of Arkansas who can be found at 9321 Highway 270, Pine Bluff, Arkansas 71602; and,

4. That Defendant Percy Beverly, Jr. is an adult resident citizen of the state of Arkansas who can be found at 2510 Briarwood Drive, Little Rock, Arkansas 72005; and,

5. That Defendant James Johnson is an adult resident citizen of the state of Arkansas who can be found at 2301 West 16th Avenue, Pine Bluff, Arkansas 71603; and,

6. That Defendant James Brown, Jr. is an adult resident citizen of the state of Arkansas who can be found at 9800 Highway 270, Pine Bluff, Arkansas 71602; and,

## JURISDICTION AND VENUE

7. The Plaintiff incorporates all allegations set forth in paragraphs 1 through 6.

8. Pursuant to Ark. Code Ann. § 16-13-201, this Court has jurisdiction over the subject matter and parties to this action. Venue is proper in Miller County, Arkansas, pursuant to Ark. Code Ann § 16-60-112, insofar as the incidents giving rise to the Pearlie Mae Easter Marshall's death occurred in Miller County, Arkansas, and she was a resident of Miller County, Arkansas. Defendants James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr., are adult resident citizens of

Arkansas and this lawsuit arises from the contacts Defendant Union Pacific Railroad Company has with the state of Arkansas. As a result, the state of Arkansas has personal jurisdiction over the Defendants in this case.

9. The damages sought by Plaintiff, exclusive of interests and costs, exceed $75,000.00 for the Plaintiff and are in excess of the minimum jurisdictional limits of this Court. There is not complete diversity of citizenship among the parties.

### FACTS GIVING RISE TO THE CAUSE OF ACTION

10. The Plaintiff incorporates all allegations set forth in paragraphs 1 through 9; and,

11. That at all times applicable to this action, Defendants James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr., were acting in the course of their employment with Defendant, Union Pacific Railroad Company, carrying out the object and purpose of the enterprise of their employer. As such, Union Pacific Railroad Company can be held liable for their tortuous conduct; and,

12. That on October 15, 2005, a train collision, derailment and explosion occurred, in a rail yard, within the city limits of Texarkana, Arkansas; and,

13. That said collision, derailment and explosion involved railcars operated by Defendants Gordon, Beverly, Johnson and Brown and owned by Defendant Union Pacific Railroad Company; and,

14. That said collision occurred when Train ZYCLD 13, Lead Locomotive UP 4310, rear-ended Train MPBHG 15, Lead Locomotive CSXT 9024, near Mile Post 417 of the Pine Bluff Subdivision, in Texarkana, Arkansas. Train ZYCLD 13 was operated

by Defendant Gordon and conducted by Defendant Beverly. Train MPBHG 15 was operated by Defendant Johnson and conducted by Defendant Brown. Both trains were owned by Union Pacific Railroad Company at the time of this collision; and,

15. Pearlie Mae Easter Marshall, now deceased, was in her home, located at 113 Jackson, Texarkana, Arkansas 71854, in the community within close proximity to the location of the collision and derailment; and,

16. That the above-referenced collision between two trains caused a derailment of two tanker railcars. These tanker railcars carried highly flammable material which leaked into the nearby community, specifically into and around the home of the deceased; and,

17. That this flammable liquid ignited near or in the home of the deceased, causing a massive explosion which consumed the deceased's home and property and took her life.

## CAUSES OF ACTION

### NEGLIGENCE

18. The Plaintiff incorporates all allegations set forth in paragraphs 1 through 17; and,

19. That prior to and at the time of this incident, Defendant Union Pacific Railroad Company, acting by and through its agent and/or employee, Defendants James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr., was operating Trains ZYCLD 13 and MPBHG 15, which trains were instrumentalities under the control and management of Defendant Union Pacific Railroad Company; and,

4

20. That the Defendants owed a duty of care, to the Plaintiff and the wrongful death beneficiaries of Pearlie Mae Easter Marshall, to operate these railcars in a reasonably safe manner; and,

21. That the Defendants' breach of said duty caused this collision, derailment and subsequent explosion and proximately caused harm to the Plaintiff and the death of the deceased; and,

22. That it was entirely foreseeable to Defendants that one train rear-ending another would cause a derailment and that the contents of the derailed railcars would spill into the surrounding, nearby community; and,

23. That the Defendants' breach of duty and negligence proximately caused damages including, but not limited to, the following:

   a. Loss of life of Pearlie Mae Easter Marshall;

   b. Pain and suffering of Pearlie Mae Easter Marshall;

   c. Mental anguish of each and every wrongful death beneficiary;

   d. Pecuniary losses to each and every minor child of Pearlie Mae Easter Marshall;

   e. Funeral and burial costs;

   f. Loss of wages;

   g. Personal property damages and losses, including the loss of home and automobiles.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff seeks a judgment in an amount to be determined by a jury against the Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr.

## RES IPSA LOQUITUR

24. The Plaintiff incorporates all allegations set forth in paragraphs 1 through 24; and,

25. That in the ordinary course of Defendant Union Pacific Railroad Company's business and under the ordinary circumstances of the trains and their operation and in the ordinary course of things in the operation of the train, the above-mentioned trains would not have collided with each other, if Defendant Union Pacific Railroad Company, acting by and through its employee Defendant James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr., who had such exclusive control over the instrumentality, had used sufficient diligence and degree of care in operating the trains; and,

26. That the failure of Defendant Union Pacific Railroad Company to use diligence and reasonable care proximately led to Ms. Marshall's death; and,

27. That as a result of the Defendants' failure to use diligence and care, Plaintiff has suffered damages including, but not limited to, the following:

   a. Loss of life of Pearlie Mae Easter Marshall;

   b. Pain and suffering of Pearlie Mae Easter Marshall;

   c. Mental anguish of each and every wrongful death beneficiary;

   d. Pecuniary losses to each and every minor child of Pearlie Mae Easter Marshall;

   e. Funeral and burial costs;

   f. Loss of wages;

   g. Personal property damages and losses, including the loss of home and automobiles.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff seeks a judgment in an amount to be determined by a jury against the Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr.

## TRESPASS

28. The Plaintiff incorporates all allegations set forth in paragraphs 1 through 27; and,

29. That the collision and derailment caused the contents of the derailed tanker cars to leak onto the decedent's property; and,

30. That said contents of the derailed tanker cars entered upon the decedent's home without permission and without an invitation, express or implied; and,

31. That said contents caused a massive explosion on and around the decedent's property and caused irreparable harm to the property and to the decedent; and,

32. That as a result of the collision, Defendants caused and allowed the contents of the derailed tanker cars to spread into the neighboring community, constituting an intentional trespass upon the property of the deceased; and,

33. That as a direct and proximate cause of this trespass, the Plaintiff has suffered injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff seeks a judgment in an amount to be determined by a jury against the Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr.

## WRONGFUL DEATH

34. The Plaintiff incorporates all allegations set forth in paragraphs 1 through 33; and,

35. That as approximate result of the actions of Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr.,

as were specifically alleged herein, Pearlie Mae Easter Marshall suffered a wrongful death. That Lavada Lewis, as special Administratrix of the Estate of Pearlie Mae Easter Marshall, is entitled to damages on behalf of the Estate for the reasonable value of funeral and burial expenses, the value of the deceased's earnings and working time lost, the pain and suffering of Pearlie Mae Easter Marshall, the loss of personal property, including home and automobiles, and loss of life of Pearlie Mae Easter Marshall; and,

36. That further, as a proximate result of the conduct of Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr., as were specifically alleged herein, pursuant to Ark. Code Ann. § 16-62-102, each and all of the wrongful death beneficiaries of Pearlie Mae Easter Marshall suffered mental anguish and are continuing to suffer mental anguish into the future as a proximate result of the death of Pearlie Mae Easter Marshall, said heirs being: Catharyn Burton, sister; Linda Chapman, sister; James Coleman, brother; Billy Easter, son; Charles Easter, brother; Jimmy Easter, brother; Lee Roy Easter, brother; Odell Easter, son; Robert Easter, brother; Robert Easter, son; Thomasena Easter, daughter; Rosie Harris, sister; Lavada Lewis, daughter; Mary Jackson Mims, sister; Carolyn Rochelle, daughter; Barbara Stuckey, daughter; and Cynthia Tyous, sister; in addition, the sole minor child, at the time of the subject incident, Thomasena Easter, suffered the loss of the pecuniary support of her mother, the deceased, Pearlie Mae Easter Marshall.

## DAMAGES

37. The Plaintiff incorporates all allegations set forth in paragraphs 1 through 36; and,

38. That as a direct and proximate result of the above described negligence of Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr., the Estate of Pearlie Mae Easter Marshall, Deceased and her wrongful death beneficiaries have sustained a multitude of injuries. Upon trial of this case, it will be shown that the Estate of Pearlie Mae Easter Marshall, Deceased, and her statutory beneficiaries were caused to sustain injuries and damages as a proximate cause result of the acts of Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr. Plaintiff Lavada Lewis respectfully requests the court and jury to determine the amount of loss to the Estate of Pearlie Mae Easter Marshall, Deceased and each and all of her wrongful death beneficiaries have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of mental anguish and other non-pecuniary losses. There are certain elements of damages, provided by law that Plaintiff Lavada Lewis is entitled to have a jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate the Estate of Pearlie Mae Easter Marshall, Deceased, and each and all of her statutory beneficiaries for the injuries, damages, and losses incurred and to be incurred. Plaintiff Lavada Lewis, as administratrix of the Estate of Pearlie Mae Easter Marshall, Deceased, and on behalf of her wrongful death beneficiaries, seeks all damages allowed by the wrongful death act, Ark. Code Ann. § 16-62-102, and for damages, including, but not limited to the following:

a. The amount of reasonable funeral and burial expenses necessarily incurred for Pearlie Mae Easter Marshall, Deceased;

b. The mental anguish of the Pearlie Mae Easter Marshall, Deceased;

c. The mental anguish suffered by each and all of her wrongful death beneficiaries;

d. The conscious pain and suffering suffered by Pearlie Mae Easter Marshall;

e. The loss of earning sustained by Pearlie Mae Easter Marshall;

f. The loss of the present net cash value of Pearlie Mae Easter Marshall's life expectancy;

g. The loss of love, society and companionship of Pearlie Mae Easter Marshall;

h. The loss of property including damage caused to home and automobiles;

i. The loss of life of Pearlie Mae Easter Marshall;

j. The loss of pecuniary support for all minor wrongful death beneficiaries; and

k. All damages allowed under the applicable statutory and common law.

### PUNITIVE AND/OR EXEMPLARY DAMAGES

39. Plaintiff incorporates all allegations set forth in paragraphs 1 – 38.

40. That the acts and/or omissions of Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr., as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damages and injuries to the Estate of Pearlie Mae Easter Marshall, Deceased and each and all of her wrongful death beneficiaries.

### JURY DEMAND

41. That Plaintiff Lavada Lewis demands that all issues of fact in this case be tried to a properly impaneled jury.

10

## PREJUDGMENT AND POST JUDGMENT INTEREST

42.     Plaintiff also asserts a claim for prejudgment interest in all elements of damages as allowed by law and post-judgment interest at the rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Lavada Lewis, Administratrix of the Estate of Pearlie Mae Easter Marshall, and on behalf of the wrongful death beneficiaries of Pearlie Mae Easter Marshall, prays that Defendants Union Pacific Railroad Company, James Gordon, Percy Beverly, Jr., James Johnson, and James Brown, Jr., be ordered to appear and answer the Complaint herein and, upon final trial of this action to a jury, that Plaintiff be granted a judgment against the Defendants for an amount in excess of that required for jurisdiction for compensation for all actual economic and non-economic damages and punitive damages as pled in this Complaint together with all costs of this proceeding and all other relief to which the plaintiff may be entitled.

Respectfully submitted this the 28th day of August 2006.

BY: _____
VICKI L. GILLIAM, AR BAR #2002045
Attorney for Plaintiff Lavada Lewis, Individually and as Special Administratrix of the Estate of Pearlie Mae Easter Marshall, Deceased, and on behalf of the wrongful death beneficiaries of Pearlie Mae Easter Marshall

Vicki L. Gilliam, AR BAR #2002045
The Cochran Firm Jackson
188 East Capitol Street
One Jackson Place, Suite 777
Jackson, MS 39201
Phone: 601/812-1001
Fax: 601/812-1025